## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **Texas Australia Rock Company, LLC** § | | |
| § | | |
| Plaintiff § | Civil Action No. 5:22-cv-00416 | |
| § | | |
| *versus* § | | |
| § | | |
| **Eric Fenton Eggemeyer**, § | | |
| *dba* Fenton Stoneworks; § | **Jury Demand** | |
| § | | |
| Defendant § | | |

### ORIGINAL COMPLAINT FOR UNFAIR COMPETITION

Plaintiff Texas Australia Company, LLC, hereby sues the Defendant Eric Fenton Eggemeyer, *dba* Fenton Stoneworks and alleges as follows:

### THE PARTIES

1. Plaintiff is a limited liability company registered and doing business in the Northern District of Texas.

2. Defendant is an individual residing at 3 Ranch Rd 1621, Comfort, TX 78013, which is within the Western District of Texas.

### NATURE OF THE ACTION

3. This is a civil action for unfair competition under the Lanham Act (15 USC § 1125) and unfair competition and unjust enrichment pursuant to Texas common law.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1367 and 1338.

5. This Court has personal jurisdiction over the Defendant in this action because he resides in this jurisdiction.

6. Venue is proper in this District under 28 U.S.C. § 1391 since the Defendant conducts business in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

**FACTUAL BACKGROUND**

7. On or around August 21, 2020 Defendant first visited the Plaintiff at his yard facility located at 5444 Westheimer Road Suite 1000 Houston 77056-5318.

8. During the Defendant's first visit to the Plaintiff's yard he requested information about using the Plaintiff's reconstituted limestone blocks for a retaining wall on a property he owned in downtown San Angelo, Texas.

9. Approximately one week later, Defendant returned unannounced, with his father, to the Plaintiff's yard, and asked additional questions about the reconstituted limestone blocks and how they were made.

10. On or around December 15, 2020, the Defendant again returned to the Plaintiff's yard and demanded a partnership with the Plaintiff or he would compete with the Plaintiff in the marketplace.

11. Plaintiff informed the Defendant that the reconstituted limestone blocks are subject to a patent pending and the Defendant replied that he did not care and would fight such a patent.

12. At the time of this Original Complaint the Plaintiff's patent remains pending.

13. On or around February 25, 2022, private investigator Rusty Carr visited the Defendant at his yard and recorded video showing reconstituted limestone blocks in the yard.

14. On or around March 1, 2022 Mr. Carr returned to the yard and spoke with the Defendant, who informed him that he had been developing the products for over a year.

15. Defendant also confirmed to Mr. Carr that the reconstituted limestone blocks viewable in his yard were made on site and were for sale.

16. Defendant further stated that no one else is selling reconstituted limestone blocks in the United States and that he had brought the concept in from abroad.

17. However, the reconstituted limestone blocks shown in Mr. Carr's video were manufactured by the Plaintiff—not the Defendant—in the United States.

18. On or around April 8, 2022 Defendant offered to sell and ship reconstituted limestone blocks across state lines to a second investigator posing as a consumer. He also informed the second investigator that he had already sold a quantity of blocks to another.

19. On information and belief, after discovering Plaintiff's reconstituted limestone blocks in 2020, Defendant began selling the Plaintiff's blocks as his own until he could reverse engineer them.

20. On information and belief, Defendant has falsely told purchasers and potential purchasers that he—not the Plaintiff—invented, developed, and/or manufactured the reconstituted limestone blocks.

21. On information and belief, Defendant has sold or offered to sell the reconstituted limestone blocks in US commerce.

**FIRST CAUSE OF ACTION**
**False Advertising [15 U.S.C. 1125(a)]**

22. Plaintiff re-alleges and incorporates by reference each of the allegations in the foregoing paragraphs as though fully set forth herein.

23. By stating that no one else is selling reconstituted limestone blocks in the United States and that he had brought the concept in from abroad, Defendant made a false or misleading statement of fact about the product.

24. The Defendant's false or misleading statement has deceived or had the capacity to deceive a substantial segment of potential consumers—namely, any prospective purchaser hoping to source reconstituted limestone products.

25. The Defendant's deception is material because consumers purchasing decisions are generally influenced by their perception of a product's source.

26. On information and belief the Defendant has sold or offered to sell the Plaintiff's products in interstate commerce.

27. Because the Parties sell reconstituted limestone blocks in competition with one another, the Plaintiff has been or is likely to be injured as a result of the Defendant's misleading representations of fact.

## SECOND CAUSE OF ACTION
### False Designation of Origin [15 U.S.C. 1125(a)]

28. Plaintiff re-alleges and incorporates by reference each of the allegations in the foregoing paragraphs as though fully set forth herein.

29. By stating that he manufactured the Plaintiff's reconstituted limestone blocks he made a false or misleading statement of fact about the product.

30. The Defendant's false or misleading statement has deceived or had the capacity to deceive a substantial segment of potential consumers—namely, any prospective purchaser that inquires as to the source of the product.

31. The Defendant's deception is material because consumers purchasing decisions are generally influenced by their perception of a product's source.

32. On information and belief the Defendant has sold or offered to sell the Plaintiff's products in interstate commerce.

33. Because the Parties sell reconstituted limestone blocks in competition with one another, the Plaintiff has been or is likely to be injured as a result of the Defendant's misleading representations of fact.

### THIRD CAUSE OF ACTION
### Common Law Unfair Competition

34. Plaintiff re-alleges and incorporates by reference each of the allegations in the foregoing paragraphs as though fully set forth herein.

35. By stating that no one else is selling reconstituted limestone blocks in the United States and that he had brought the concept in from abroad, Defendant has falsely advertised his effective resale of the Plaintiff's product.

36. In this case, Defendant's false advertising is an independently tortious.

37. Defendant's independent tort or other illegal acts have interfered with the Plaintiff's ability to conduct business by forcing corrective investigations and advertising.

38. On information and belief, Defendant's independent tort or other illegal acts have interfered with the Plaintiff's ability to conduct business by siphoning away the Plaintiff's clients.

### FOURTH CAUSE OF ACTION
### Common Law Unjust Enrichment

39. Plaintiff re-alleges and incorporates by reference each of the allegations in the foregoing paragraphs as though fully set forth herein.

40. By stating that no one else is selling reconstituted limestone blocks in the United States and that he had brought the concept in from abroad, Defendant has secured an undue advantage over the Plaintiff.

41. Defendant has benefitted from its undue advantage.

42. Because the Parties sell reconstituted limestone blocks in competition with one another, the Plaintiff has been or is likely to be injured as a result of the Defendant's undue advantage.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

A. Judgment for the Plaintiff on all claims;

B. A preliminary and permanent injunction against the Defendant, its respective officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from stating that they invented, developed, or manufactured the Plaintiff's reconstituted limestone blocks;

C. Lost profit damages resulting from the Defendant's false unfair competition;

D. Plaintiff's actual damages;

E. Prejudgment interest;

F. Post-judgment interest;

G. Punitive damages;

H. A declaration that this Action is exceptional, and an award to Plaintiff of its attorney's fees, costs, and expenses incurred in connection with this Action; and

I. Such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated this 29th day of April, 2022.

Respectfully Submitted,

Leavitt Eldredge Law Firm

  /Brandon J. Leavitt/
Brandon James Leavitt
Tx Bar No. 24078841

4204 SW Green Oaks Blvd., Suite 140
Arlington, TX 76107

(214) 727-2055
brandon@uslawpros.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that, on April 29, 2022, a true and correct copy of the above and foregoing document has been sent to the Defendant via certified mail, return receipt requested to his residential address:

**Eric Fenton Eggemeyer**
3 Ranch Rd 1621, Comfort, TX 78013

It is my opinion that service and notice in the above manner complies with the Federal Rules of Civil Procedure.